**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000521
30-JUN-2022
07:48 AM
Dkt. 80 SO**

NO. CAAP-19-0000521

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

SYLVIA CABRAL, Plaintiff-Appellant
v.
LAURIE HAYES, Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2SS181000231)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and Nakasone, JJ.)

Self-represented Plaintiff-Appellant Sylvia Cabral (**Cabral**) appeals from a post-judgment order denying Cabral's motion to seal court records and consolidate the instant case with seven other cases **(Post-Judgment Order Denying Sealing and Consolidation)**, filed on June 20, 2019, by the District Court of the Second Circuit (**District Court**).[1]

This case arises from a petition filed by Cabral seeking a temporary restraining order and injunction against Laurie Hayes (**Hayes**) (**TRO Petition**).  On August 30, 2018, the District Court denied the TRO Petition.  No appeal was filed from the order denying the TRO Petition.  In this appeal, we only have

---

[1]  The Honorable Kelsey K. Kawano signed the Post-Judgment Order Denying Sealing and Consolidation.

appellate jurisdiction with respect to the Post-Judgment Order Denying Sealing and Consolidation.

In her opening brief,[2] Cabral asserts a variety of arguments related to this case as well as numerous other cases in which she is involved.  We first note we will not address issues pertaining to the order denying the TRO Petition, because Cabral did not appeal from that order.  Thus, the only discernable claim for which we have jurisdiction is Cabral's assertion that the District Court erred in failing to grant her motion to seal court records and consolidate the underlying case, 2SS181000231, with seven other District Court cases initiated by Cabral (collectively, **Related Cases**).

Cabral initiated at least eight legal proceedings against Hayes, her former roommate, for, *inter alia*, eviction, past due rent, and two additional temporary restraining orders. In several of these cases, including this one, she filed a motion to consolidate and seal records.[3]  In the eight cases, appeals

---

[2]  Cabral fails to comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28 in various ways, including that she filed multiple opening briefs, they do not provide record references to support her factual assertions, and she exceeds the page limitations for an opening brief.  HRAP Rule 28.  However, we address her appeal to the extent possible and we can discern her points of error.  See Schefke v. Reliable Collection Agency, Ltd., 96 Hawaiʻi 408, 420, 32 P.3d 52, 64 (2001).

[3]  Cabral's request in the District Court sought consolidation and the records sealed in: 2SC181000228, 2RC181000794, 2RC181001170, 2SS181000210, 2SS181000230, 2SS181000231, 2RC181001447, and 2RC181001459.  In addition to the Motion to Seal Records and Consolidate in 2SS181000231 (this case), Cabral:

1.    filed a motion in 2SC181000228, to "Seal Court Records and Consolidate" the Related Cases on March 22, 2019, which the District Court denied on June 20, 2019, resulting in an appeal in CAAP-19-0000516, which was dismissed by this court on April 6, 2020, because there is no statutory right to appeal from a District Court Small Claims case pursuant to Hawaii Revised Statutes § 633-28(a) ("There shall be no appeal from a judgment of the small claims division[.]");

2.    filed motions in 2RC181000794 and 2RC181001170 to "Seal Court Records and Consolidate" the Related Cases on March 22, 2019, which the District Court denied on June 20, 2019, resulting in appeals in CAAP-19-0000515 and CAAP-19-0000511, respectively which were dismissed by this court on June 3, 2020, because the District Court had not entered written

(continued...)

were filed, including this case.[4]  Each of the other appeals has been dismissed and only this appeal remains.

With regard to consolidation, Cabral's motion filed in the District Court provided no explanation or any asserted facts as to why consolidation was warranted and should be granted.  Her motion contained a listing of eight case numbers, including the underlying case for this appeal, indicated that each was "Non-Criminal," and listed Cabral and Hayes as the parties.  However, her motion contained no indication how or why these cases were proper for consolidation.  Given the record, the District Court did not err in denying consolidation.

With regard to her request to seal records, Cabral's motion in the District Court simply listed the eight cases, including the underlying case for this appeal, and asserted "[f]iles include personal pictures, personal info and medical reports which public should not have access to view[,]" and that "the TROs . . . have medical attention exhibits."  There is no

---

[3](...continued)
orders or written judgments adjudicating the corresponding complaints;

3.  filed a motion in 2RC181001447 to "Seal Court Records and Consolidate" the Related Cases on March 22, 2019, which the District Court denied on April 2, 2019, resulting in the appeal in CAAP-19-0000512, which was dismissed by this court on June 3, 2020, because the District Court had not entered a written order or written judgment adjudicating the complaint;

4.  filed, in 2RC181001459, a motion for default judgment awarding attorneys' fees and costs on March 21, 2019, and a motion to "Seal Court Records and Consolidate" the Related Cases on March 22, 2019, both of which the District Court denied on March 28, 2019, resulting in the appeal in CAAP-19-0000514, which was dismissed by this court on April 6, 2020, as untimely filed; and

5.  filed motions in 2SS181000230 and 2SS181000210 to "Seal Court Records and Consolidate" the Related Cases on March 22, 2019, which the District Court denied on March 28, 2019 and March 29, 2019, respectively, resulting in appeals in CAAP-19-0000517 and CAAP-19-0000520, respectively, which were dismissed by this court on April 6, 2020, as untimely filed.

[4]  CAAP-19-0000511, CAAP-19-0000512, CAAP-19-0000514, CAAP-19-0000515, CAAP-19-0000516, CAAP-19-0000517, and CAAP-19-0000520.

indication where, in this case (or the other cases), the records that Cabral alleged needed to be sealed were located.

Cabral also made no effort to comply with Hawaiʻi Court Records Rules (**HCRR**) Rule 9 or to show that the records she was concerned with in this case contained "personal information" as defined in HCRR Rule 2.19.  Given the conclusory nature of Cabral's motion and that she provided no detail as to the documents that she wanted sealed, we cannot conclude that the District Court erred.

Thus, we conclude that Cabral's appeal challenging the District Court's Post-Judgment Order Denying Sealing and Consolidating is without merit.

Finally, during this appeal, Cabral has filed multiple motions seeking to consolidate this appeal with seven other appeals (from the same seven other cases she sought to consolidate in the District Court) and seeking to seal documents in the eight appeals.  This court, in this appeal, has previously issued two orders denying Cabral's motions because she sought to consolidate this appeal with seven other appeals which had already been dismissed.  In addition, as to her motion to seal, Cabral failed to identify any documents containing medical or health records or other personal information, failed to indicate when those documents were filed or who filed them, failed to indicate where the documents were located in the record, and failed to file redacted documents or otherwise comply with HCRR Rule 9.  This court's two prior orders in this appeal denying Cabral's motion to seal records were entered without prejudice, allowing Cabral to file subsequent motions that comply with HCRR Rule 9, that attach a redacted record on appeal omitting personal information, and that include confidential information forms in compliance with HCRR Forms 1 and 2.

Rather than comply with the court's orders issued on October 7, 2020, and March 21, 2021, Cabral filed two further motions (docket numbers 65 and 68) again requesting that this appeal be consolidated with the other appeals that have already

been dismissed, and requesting to seal documents without any effort to comply with the court's prior orders.  These two pending motions are denied.  As for her requests to consolidate appeals, her motions are again denied because the other appeals have been dismissed.  As for her requests to seal records, Cabral has wholly failed to comply with this court's two prior orders and failed to comply with HRCC Rule 9.

Therefore, IT IS HEREBY ORDERED that the Post-Judgment Order Denying Sealing and Consolidation, filed on June 20, 2019, by the District Court of the Second Circuit, Wailuku Division, is affirmed.  Further, Cabral's pending motions at docket 65 and 68 are denied.

DATED:  Honolulu, Hawaiʻi, June 30, 2022.

On the briefs:

Sylvia Cabral,
Self-represented
Plaintiff-Appellant

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Karen T. Nakasone
Associate Judge